# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HARROLL INGRAM,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br>Agency. | DOCKET NUMBER<br>AT-1221-14-0725-W-1<br><br><br>DATE: February 3, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Harroll Ingram</u>, Sanford, Florida, pro se.

<u>Laura A. Cushler</u>, Esquire, and <u>Stephen T. Davis</u>, Orlando, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2    The appellant filed an individual right of action (IRA) appeal alleging that the agency had taken certain personnel actions against him in retaliation for protected whistleblowing.  Initial Appeal File (IAF), Tab 1.  The appellant previously prevailed in an IRA appeal where the Board found that the agency had retaliated against him by taking several personnel actions against him based upon certain protected disclosures he made in 2008-09.  *See Ingram v. Department of the Army*, 116 M.S.P.R. 525 (2011).  Here, the appellant alleged that the agency has taken more personnel actions in retaliation for his prior whistleblowing activity.  IAF, Tab 1.

¶3    The administrative judge found that, prior to filing his appeal, the appellant first sought corrective action with the Office of Special Counsel (OSC), he made nonfrivolous allegations that he made disclosures protected by 5 U.S.C. § 2302(b)(8), and the disclosures were a contributing factor in the agency's action.  Thus, the administrative judge found that the Board has jurisdiction in

this matter.  IAF, Tab 16, Initial Decision (ID) at 1.[2]  Further, the administrative judge summarized the 12 alleged personnel actions that the appellant asserted were taken in retaliation for his prior whistleblowing and his prior IRA appeal.  ID at 3.  The administrative judge addressed each of the alleged 12 personnel actions and found that the appellant failed to show by preponderant evidence that he suffered a personnel action within the meaning of the Whistleblower Protection Act (WPA).  ID at 8.  Thus, the administrative judge found that he did not need to reach the issue of whether the agency took those actions in retaliation for the appellant's whistleblowing activity.  ID at 8.

¶4    We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence; however, the applicable law and the record evidence support the administrative judge's findings that the appellant failed to show by preponderant evidence that he suffered a personnel action within the meaning of the WPA, and as a result, there was no need to reach the issue of whether the agency took those actions in retaliation for his whistleblowing activity.  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶5    On review, the appellant argues that the administrative judge merely copied the claims he raised in his OSC complaint.  Specifically, the appellant contends that the administrative judge did not address his claims that "he was subjected to

---

[2] The administrative judge correctly noted, *see* ID at 2 n.3, that the appellant's claim, that the agency retaliated against him for his having previously filed his IRA appeal, is now cognizable under the Whistleblower Protection Enhancement Act, Pub. L. No. 112-199, § 108(a), 126 Stat. 1465 (2012).  *See* 5 U.S.C. § 1221(a).

a significant change in his duties, position removal attempts without cause, and denial of a promotion opportunity." Petition for Review (PFR) File, Tab 1. The appellant also asserts that he was issued a "letter of reprimand," and that he was refused overtime pay. *Id*. In addition, he argues that he proved that his disclosures were a contributing factor in the alleged personnel actions and that the agency failed to show by clear and convincing evidence that it would have taken the same actions absent his whistleblowing. PFR File, Tab 4.

¶6 However, in an IRA appeal, an employee is required under 5 U.S.C. § 1214(a)(3), to seek corrective action from OSC before seeking corrective action from the Board. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). Further, the Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Id*.

¶7 For example, the appellant argues on review that the administrative judge did not consider his assertion that the Project Director "greatly reduced his engineering duties and her work related interaction with him." PFR File, Tab 1. However, the administrative judge specifically considered the four "actions" involving the Project Director which the appellant identified in his OSC complaint, and found that, as to the appellant's claims that the agency curtailed his duties, the agency denied that it curtailed his duties and an independent investigator could not substantiate his claims. ID at 7. The administrative judge found further that the appellant failed to present evidence that he suffered a significant change in his working conditions, and that he relied on bare factual allegations without providing proof to support his claims. Therefore, the administrative judge found that the appellant, who bears the burden of proving that he suffered a personnel action, presented very limited probative evidence on this issue, and thus, failed to show that he suffered a personnel action. ID at 7. While the appellant challenges the administrative judge's findings in this regard, he has provided no basis upon which to disturb it.

¶8    Similarly, the administrative judge found no evidence in the record that the appellant was ever denied pay for overtime worked or that he was "refused" overtime. ID at 4. Rather, the administrative judge found that the agency submitted evidence which shows that the appellant was paid for 32 hours of overtime during the period from October 2011 through January 2012. *Id*. The agency also submitted a declaration from Lieutenant Colonel (LTC) Wilson Ariza stating that he had no knowledge or recollection of assigning the appellant "unpaid overtime." LTC Ariza's declaration stated further that he was not the approval authority for overtime and that such requests would have had to go through either the Program Manager for Combined Arms Tactical Training or his deputy for approval. IAF, Tab 8 at 16-17. Thus, the administrative judge found that the appellant failed to prove by preponderant evidence that he was required to work unpaid overtime. ID at 4. Furthermore, the record reflects that, although the appellant was originally scheduled to work longer shifts than allowed during a training, when he brought his schedule to LTC Ariza's attention, LTC Ariza advised the appellant that he could not authorize overtime or compensatory time and instructed the appellant to bring his schedule and meet with him so that he could make adjustments. IAF, Tab 10, Subtab D at 5. Accordingly, we find no merit to the appellant's claim that he was "denied" overtime and, thus, he has shown no basis upon which to disturb this determination.

¶9    The appellant also reasserts that his supervisors issued him a letter of reprimand and he argues that the administrative judge erred in concluding that the letter does not constitute a personnel action because it does not say that he did anything wrong or place any restrictions on him. PFR File, Tab 1. However, the record evidence shows that the appellant received a "letter of caution," he did not receive a "letter of reprimand." IAF, Tab 10, Subtab C at 3. Further, the administrative judge thoroughly addressed the letter of caution and found that the letter only admonishes the appellant to behave in a professional manner and treat others with respect, and because it does not state that the appellant did anything

wrong, or restrict his behavior in any way, it does not constitute a personnel action within the meaning of the WPA. ID at 6. We agree. While the appellant continues to argue otherwise and attempts to characterize the letter as a "reprimand," his arguments are mere disagreement with the administrative judge's findings and determinations and, as such, they do not warrant any further review.

¶10 The appellant also asserts on review that the administrative judge erred by failing to consider his claim that his supervisors created a Chief Engineer position on his team and then, without competition, filled that position with another individual from a different team. PFR File, Tab 1; IAF, Tab 10, Subtab E. We note that, even though the appellant raised this argument for a first time in his closing remarks at the hearing, the administrative judge should have addressed it in the initial decision. Nevertheless, as the appellant acknowledges in his petition for review, this claim was not raised in his OSC complaint, and thus, he did not exhaust this claim before OSC. PFR File, Tab 1 at 5. Because the Board is limited in an IRA appeal to considering only those disclosures of information and personnel actions that the appellant has exhausted before OSC, this claim was not properly before the Board. *See Mason*, 116 M.S.P.R. 135, ¶ 8. Thus, the appellant has not shown that any error was prejudicial to his substantive rights, and therefore, any error by the administrative judge in this regard provides no basis for reversal of an initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶11 Finally, while the appellant challenges the administrative judge's decision to grant the agency's motion to strike the emails he obtained during discovery on the grounds of attorney-client privilege, the appellant has shown no basis upon which to disturb the administrative judge's ruling. Under 5 C.F.R. § 1201.41, the Board's administrative judges have substantial discretion to make rulings on motions, and the administrative judge's granting of the agency's motion here did not amount to an abuse of discretion. *See Cassel v. Department of*

*Agriculture*, 72 M.S.P.R. 542, 545-46 (1996). Further, an administrative judge has wide discretion in ruling on discovery matters, and absent a showing of abuse of discretion, the Board will not find reversible error in such rulings. *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 26 (2012). Here, the administrative judge granted the agency's motion to strike emails on the grounds of attorney-client privilege. While the appellant challenges the administrative judge's determination in this regard, we find no basis to disturb it. *See Grimes v. Department of the Navy*, 99 M.S.P.R. 7, ¶ 8 (2005) (the attorney-client privilege is an absolute privilege which cannot be defeated upon the appellant's need for evidence to support his theory of the case); *see also Quinn v. Department of Health & Human Services*, 838 F. Supp. 70, 75-76 (W.D.N.Y. 1992) (quoting *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)) (documents that "reflect the 'give and take of the consultative process' concerning the agency's decision whether or not to take disciplinary action" are privileged and protected from disclosure). Accordingly, the appellant has shown no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board

appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.